UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSE ANTONIO DIAZ
BOULLOSA,

        Petitioner,

      v.

Case No. 2:26-cv-1246-KCD-NPM

GARRETT J. RIPA, IN HIS
OFFICIAL CAPACITY AS FIELD
OFFICE DIRECTOR OF
ENFORCEMENT AND REMOVAL
OPERATIONS, MIAMI FIELD
OFFICE, IMMIGRATION AND
CUSTOMS ENFORCEMENT, *et al.*,

        Respondents.

                                 /

## **ORDER**

Petitioner Jose Antonio Diaz Boullosa moves the Court to reconsider its order denying his habeas corpus petition. (Doc. 14.) The Government opposes the request. (Doc. 17.) For the reasons below, Boullosa's motion is **GRANTED IN PART**.

Federal Rule of Civil Procedure 59(e) allows a district court to alter or amend a judgment, effectively giving the court an opportunity "to rectify its own mistakes in the period immediately following its decision." *Scoma Chiropractic, P.A. v. Dental Equities, LLC*, No. 2:16-CV-41-JLB-MRM, 2022 WL 738559, at *2 (M.D. Fla. Feb. 9, 2022). This Court previously held that

Boullosa was lawfully detained under 8 U.S.C. § 1231 because he had a final removal order. (Doc. 12.) That decision was wrong.

Section 1231(a) governs detention only during the statutory "removal period," which triggers when a removal order is final and presently executable. But Boullosa has a pending, unadjudicated asylum application. (*See* Doc. 17.) "Because the administrative proceeding to determine [his] removability is ongoing, he is not subject to an administratively final removal order." *Nardella Mago v. Rogers*, No. 2:26-CV-00278-SPC-NPM, 2026 WL 532485, at *2 (M.D. Fla. Feb. 26, 2026). "Rather, he is detained pending a decision on whether [he] is to be removed from the United States." *Id.* Put simply, § 1231 has no application here.

In defense of detention, the Government offers a second avenue: 8 U.S.C. § 1187(c)(2)(E). (Doc. 17 at 1.) This argument fares no better. To put it bluntly, that provision does not authorize detention at all. *See Rocha v. Noem*, No. CV H-25-6032, 2026 WL 1383350, at *2 (S.D. Tex. May 18, 2026). Since § 1187(c)(2)(E) does not speak to detention, "it does not authorize detention generally or to [Suarez-Garcia] in particular." *Nicolas T. v. Noem*, No. 1:25-CV-313, 2026 WL 1010750, at *1 (S.D. Tex. Mar. 30, 2026). "This is the same conclusion reached by other district courts on the rare occasions this statute was invoked for this purpose." *Id.*

2

Boullosa's "detention is [instead] governed by § 1226(a)." *Nardella Mago*, 2026 WL 532485, at *2. Which means he is entitled to an individualized bond hearing. *Id.*; *see also Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018).

Boullosa's habeas petition seeks his immediate release from custody. (Doc. 1 at 20.) But that is not something the Court will do. "[Section] 1226(a)(1) grants the executive branch discretion to determine whether to detain or release a noncitizen who is facing removal proceedings." *Hulke v. Schmidt*, 572 F. Supp. 3d 593, 596 (E.D. Wis. 2021). Boullosa is an alien without lawful status. So he is entitled to a bond hearing under § 1226(a), not immediate release. *See, e.g.*, *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668 (W.D. Tex. 2025). Consistent with the "comfortable majority position," the Court will instead require the Government to provide the statutory process required under § 1226(a), which includes a bond hearing. *Id.*

Accordingly, the Motion for Reconsideration (Doc. 14) is **GRANTED AS PROVIDED ABOVE**. The Clerk is directed to reopen the case and enter judgment in Boullosa's favor as per this order. The Court's prior order (Doc. 12) is **VACATED**. The Government must provide Boullosa with the statutory process required under § 1226, which includes a bond hearing. All other or different relief sought in the habeas petition is **DENIED** for the reasons

3

previously stated. Once the new judgment is entered, the Clerk is directed to again close the case.

**ORDERED** in Fort Myers, Florida on May 29, 2026.

Kyle C. Dudek
United States District Judge